IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JEFFREY PLEDGER and DISABILITY RIGHTS
FLORIDA,

CASE NO:

Plaintiff,

v.

SAS TRANSPORTATION, INC.,

Defendant.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, JEFFREY PLEDGER and DISABILITY RIGHTS FLORIDA (f/k/a Advocacy Center for Persons with Disabilities, Inc.), by and through the undersigned counsel, and sues the Defendant, SAS TRANSPORTATION, INC, and in support of this cause of action, states the following:

1. This action is brought by the Plaintiff against the Defendant who refused to provide services to the Plaintiff on the basis of the Plaintiff's disability and use of a guide dog.

2. This action claims that Defendant violated the Americans with Disabilities Act, Title III, 42 U.S.C. §12184 et seq. In this action, Plaintiff now seeks declaratory and injunctive relief.

3. Jurisdiction of this court is proper under 28 U.S.C. § 1331, as this claim is brought under the Americans with Disabilities Act, Title III, 42 U.S.C. §12181 *et seq.*

4. Venue is proper in the Southern District of Florida, under 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

5. Plaintiff JEFFREY PLEDGER (hereafter "PLEDGER") is a resident of Clarksburg, MD, and is otherwise sui juris.

6. Defendant SAS Transportation, Inc. is a Florida corporation whose principal address is 1101 North Northlake Drive, Hollywood, FL 33019.

7. Plaintiff DISABILITY RIGHTS FLORIDA (f/k/a Advocacy Center for Persons with Disabilities, Inc.) (hereinafter "DISABILITY RIGHTS") is Florida's federally-mandated protection and advocacy system that provides legal and other services to persons with disabilities. See 45 C.F.R. § 1386.20.

8. DISABILITY RIGHTS maintains offices in Tampa, Hollywood, and Tallahassee. Its main office is located at 2728 Centerview Drive, Suite 102, Tallahassee, Florida 32301, located in Leon County.

9. As Florida's protection and advocacy system, DISABILITY RIGHTS is charged with protecting the rights of individuals with disabilities by pursuing administrative and legal remedies. 45 C.F.R. § 1385.3.

10. Plaintiff DISABILITY RIGHTS is authorized by law to "have the authority to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within the State or the American Indian consortium who are individuals described in subsection (a)(1) of this section." 29 U.S.C.A. § 794e. Said persons are those whose needs or qualifications are beyond the criteria for the DISABILITY RIGHTS's Client Assistance Program, subtitle C of the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (42 U.S.C.A. § 15041 et seq.) or the Protection and Advocacy for Mentally Ill Individuals Act of 1986 (42 U.S.C. 10801 et seq.) 29 U.S.C.A. § 794e.

11. Plaintiff DISABILITY RIGHTS is statutorily charged therefore with protecting the rights of persons with disabilities including within places of public accommodation. The DISABILITY RIGHTS constituents depend on the compliance of corporations in order to have equal access to places of public accommodation and to live independently with dignity.

12. Plaintiff DISABILITY RIGHTS is authorized to receive complaints from Floridians, and persons visiting Florida, about deficiencies in its places of public accommodation and uses its resources to investigate, advocate, and educate those entities to ensure the protection of the rights of all individuals with disabilities within the State of Florida.

13. Plaintiff Jeffrey Pledger is blind and uses the assistance of a guide dog, and is therefore a qualified person with a disability under the Americans with Disabilities Act.

14. Mr. Pledger and Mrs. Pledger (hereinafter the Pledgers) were flying into Ft. Lauderdale airport and needed transportation to and from the Miami port for a cruise scheduled for January 13-17, 2014.

15. Mr. Pledger is blind and uses a service dog. Mr. Pledger's service dog sits in between his legs and can lie down on his feet when transporting. Mr. Pledger's service dog has flown in airplanes, and not in bulkhead without issue.

16. The Pledgers contacted SAS Transportation, Inc.

17. The only method of reservations is to put in a request online with dates, flight numbers and ship destination. Then SAS Transportation, Inc. confirms via email

within 24 hours. They pick up in 15 passenger vans until full, and then depart for the destination.

18. The Pledgers disclosed to the transportation company that there would be a service dog included in the requested trip as a courtesy.

19. Mrs. Pledger received an email from Steven A. Sadowsky, President of SAS Transportation, Inc., stating that he was declining the transportation request because there is no room on the vehicle for a service dog and it would make other passengers uncomfortable.

20. On January 7, 2014, Mr. Steven Sadowsky wrote the following to Mrs. Pledger: "Unfortunately I cannot accept your request as our vans are not equipped for an animal and because of how heavily reserved we are. My opinion is you need to arrange a private shuttle. I apologize for any inconvenience, Steven Sadowsky."

21. The Pledgers wrote back immediately and attempted to educate Mr. Sadowsky regarding Americans with Disabilities Act and state statutes requiring equal access to individuals with disabilities with service dogs but he would not bend.

22. Specifically, on January 7, 2014, Mr. Steven Sadowsky wrote the following to Mrs. Pledger, "I respectfully decline your request as my vans are not set for animals even service dogs and with how heavily reserved we are and the vans being full it is not in the best interest of my vehicle to transport your request. I apologize but I do have the choice if I decide to turn down a request especially if I feel the situation is uncomfortable for all of my passengers. There is just no room for a dog in the shuttle vans because our vans are full and the vans have no extra room for a dog."

23. The Pledgers requested assistance from Disability Rights Florida, Inc. An advocate reached out to SAS Transportation, Inc., on March 24, 2014 and Mr. Sadowsky reiterated the same reasons he gave to Mrs. Pledger for denying the transportation services. A further request for the company's policies and procedures went unanswered.

24. The Plaintiff DISABILITY RIGHTS attempted to educate the Defendant who refused to develop or amend policies to comply with the ADA and cease its discrimination of persons with disabilities.

25. Defendant's refusal to comply with the requirements of the ADA places the unusual burden on Plaintiff DISABILITY RIGHTS of returning to the Defendant for each individual claim of discrimination by its constituents. Plaintiff DISABILITY RIGHTS would be forced to divert resources to this one transportation company each time an individual with a disability was denied its services.

26. Challenging the Defendant's policy falls within the Plaintiff DISABILITY RIGHTS's general scope of interest and activity, and the relief requested -- declaratory and injunctive -- is the type of relief appropriate for the Plaintiff DISABILITY RIGHTS to seek on behalf of itself to alleviate the burden of litigating each and every claim of discrimination by the Defendant.

27. The Pledgers go on cruises approximately twice per year and travel to South Florida often. They plan on flying into the Fort Lauderdale Airport on October 15-17, 2014 would have used SAS Transportation services to the hotel if such services permitted service animals in their vehicles. If SAS Transportation changed their policies and were required to comply with the Americans with Disabilities Act, the Pledgers would use the use their vehicles to transport them from the airport to the cruise terminal.

28. The Pledgers retained Disability Rights Florida, Inc. and Disability Independence Group, Inc. and have agreed to pay them a reasonable fee for their services in prosecuting this matter.

29. The Americans with Disabilities Act (hereafter "ADA") prohibits private entities that are primarily engaged in the business of transporting people, and whose operations affect commerce, from denying any individual, on the basis of disability, the full and equal enjoyment of specified transportation services, including transportation services provided by demand-responsive car services. 42 U.S.C. §12184(a); 49 C.F.R. §37.5(f); 49 C.F.R §37.29.

30. The ADA also requires such entities to make reasonable modifications to policies, practices, and procedures to accommodate persons with disabilities, and specifically, to permit the use of service animals. 42 U.S.C. §12184(b)(2)(A); 49 C.F.R. §§37.5, 37.21, 37.29, and 37.167(d).

31. The Defendant is a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce. 42 U.S.C. §12184(a). Defendant provides specified public transportation services within the meaning of the ADA. 42 U.S.C. §§12181(10), and §12184(a); 49 C.F.R. §§37.3.

32. Plaintiff's vision loss substantially limits major life activities, including his ability to navigate streets and thoroughfares without assistance. Therefore, Plaintiff is an individual with a disability under Title III of the Americans with Disabilities Act. 42 U.S.C. 12102(2); 49 C.F.R. §37.3. Plaintiff meets the essential eligibility requirements for Defendant's services at all times material hereto. Thus, Plaintiff is a qualified

individual with a disability and is entitled to the protections of the Americans with Disabilities Act under 42 USC § 12181, et seq; 49 C.F.R. §37.3.

33. Pledger's guide dog, is a "service animal" within the meaning of the ADA. 49 C.F.R. §37.3.

34. Defendant violated Title III of the Americans with Disabilities Act in numerous ways, including discriminatory actions which occurred when Defendant:

- a. Failed to maintain policies and procedures to ensure compliance with Title III of the Americans with Disabilities Act, including policies that its agents and licensees provide equal access to individuals who are vision-impaired, and specifically those who use service animals;
- b. Failed to train its agents, employees and licensees regarding policies to provide equal access to individuals who are vision impaired, and specifically those who use service animals;
- c. Failed to modify policies and procedures to prevent discrimination against Plaintiff;
- d. Excluded Plaintiff from services of the vehicle and denied Plaintiff the benefit of these services due to his disability.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief against the Defendant: entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies and procedures have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act; and permanently enjoining Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit

from Defendant's services. This includes entering a permanent injunction ordering Defendant:

    a. To cease discrimination against Plaintiff, and others who are visually impaired and use service animals;

    b. To promulgate and comply with policies and procedures to ensure that Defendant and its agents or licensees do not discriminate against individuals who are visually impaired and use services;

    c. To promulgate and comply with procedures to ensure that Defendant will allow persons who are visually impaired and use service animals access to their services;

    d. To train its agents, employees and licensees regarding policies to provide equal access to individuals who are vision impaired, and specifically those who use service animals

    e. To promulgate and comply with procedures to ensure that Defendant will notify individuals who are blind or visually impaired of their right to the use and enjoyment of Defendant's services. This notification will include posting explicit and clearly worded notices that state that the Defendant will provide access to the blind and visually impaired, including those who use guide dogs.

    f. Award reasonable costs and attorneys' fees; and

    g. Award any and all other relief that may be necessary and appropriate.

Dated this 17th day of June, 2014.

DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
T: (305) 669-2822 / F: (305) 442-4181
E-Mail: mdietz@justDIGit.org

BY: s/ Matthew W. Dietz
    MATTHEW W. DIETZ, ESQ.
    FL. BAR NO.: 0084905

DISABILITY RIGHTS FLORIDA, INC.
1000 N. Ashley Dr., Ste. 640
Tampa, FL 33602
T: (850) 488-9071 / F: (850) 488-8640
E-Mail: amandah@disabilityrightsflorida.org

BY: s/ Amanda Heystek
    AMANDA HEYSTEK, ESQ.
    FL. BAR NO.: 0285020